H. J. CASON, CHIEF OF POLICE, *Plaintiff in Error,* v. U. B. QUINBY, *Defendant in Error.*

1. Under the constitution and statutes of this State, a court commissioner may issue a writ of habeas corpus returnable before himself, and his orders thereon may be reviewed and appropriate orders made by the circuit judge.

2. A municipal ordinance cannot lawfully impose a burden upon interstate commerce.

3. Where orders by samples are taken in one State for the sale of goods located in another State, and pursuant to the orders so taken the goods are shipped to the agent of the seller in the receiving State, in one large package or box, containing the smaller packages for each purchaser wrapped separately, and the large package is broken by the agent of the seller who delivers the smaller packages to those who had given specific orders for them, such business is interstate commerce, and the

agent of the seller is not, for this transaction, subject to a license tax imposed by a municipality upon "salesmen and dealers who shall bargain or sell any goods, wares or merchandise for cash or by sample, or any other manner, for present or future delivery within the corporate limits of the" municipality.

4. A person convicted and sentenced in a municipal court for not paying a license tax under an ordinance is properly discharged on habeas corpus where it appears that the acts for which the conviction was had constitute interstate commerce to which the municipal ordinance cannot lawfully be applied.

This case was decided by Division A.

Writ of error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for Plaintiff in Error.

*R. W. Farnell, R. H. Chapman,* for Defendant in Error.

WHITFIELD, C. J.—The circuit court on habeas corpus discharged Quinby from the custody of the Chief of Police under a sentence of the Mayor's Court for violating an ordinance of the city of Lake City in which it is provided "that traveling salesmen or dealers who shall bargain or sell any goods, wares or merchandise 　*　*　*　 for cash or by sample, or any other manner, for present or future delivery within the corporate limits of the said city, shall pay a license of two hundred dollars." On writ of error allowed by the trial judge under the statute, it is contended that the petitioner was erroneously discharged.

The writ of habeas corpus was issued by a court commissioner under the law and at the hearing thereon before

the court commissioner the petitioner was remanded. Upon a review of this action the Circuit Judge discharged the petitioner as he was empowered to do under the con- stitution and statutes on the subject. Sec. 14 Article V of the constitution, section 2030 General Statutes of 1906.

If the ordinance as applied to the facts here is invalid as a burden upon interstate commerce in violation of the Federal Constitution the discharge of the petitioner was proper.

The agreed facts are that the petitioner is an agent and traveling salesman of the Aluminum Cooking Utensil Company, of Pittsburg, Pennsylvania; that his business is to canvass for the company, taking orders for goods by showing samples; when orders are taken he sends the order to the company at Pittsburg, Pennsylvania, and when he receives the goods, he delivers them to the cus- tomers, receives the money therefor and remits it to the company in Pennsylvania; the goods are the property of the company until they are paid for and delivered; the agent receives a salary from the company and no commis- sions on sales; he formerly lived in Virginia, but has no permanent home; he has been in Florida for the last four or five years; the goods were sold on orders taken by show- ing samples; the goods were sent to the agent by the com- pany in Pennsylvania pursuant to orders sent in from Lake City, Florida, being packed together in a large pack- age or box, such package or box containing the smaller package of each customer wrapped to itself; the large package was broken by the agent at Lake City, Florida, and he "delivered the smaller package to the customer and received the money therefor."

These facts constitute interstate commerce and the quoted ordinance of the city is not applicable thereto. See Rearick v. Pennsylvania, 203 U. S., 507,      Sup. Ct. Rep.,       ; Caldwell v. North Carolina, 187 U. S., 622,

23 Sup. Ct. Rep., 229.    There is no showing here that the petitioner engaged in any other than interstate commerce in securing orders for and in receiving and delivering and collecting payment for goods sent to him from another State pursuant to separate orders given in this State.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.