State Ex Rel. F. H. Rand, Jr., *Plaintiff in Error,* v. C. E. Brogden, Chief of Police of Miami Beach, *Defendant in Error.*

Opinion filed November 15, 1922.

1. Municipal ordinances, which are penal in character, should be reasonably construed and their terms should not be scrutinized for the purpose of giving them meanings which will render them void.

2. Where a municipal ordinance is capable of two constructions, one construction rendering the ordinance legal and the other illegal, the former will be adopted if possible.

3. In construing municipal ordinances the court should strive to so construe them as to give reasonable effect to their provisions.

4. A municipal ordinance which provides that any person who shall drive any automobile within the corporate limits of the city while in a drunken or intoxicated condition, or who shall be guilty of reckless driving, by driving any automobile or motor vehicle over or upon any sidewalk, boardwalk or con-

crete walk in the corporate limits, or by driving at a rate of speed greater than twenty-five miles per hour, or by turning corners, or approaching other automobiles, mortorcycles, pedestrians in a reckless manner, shall be punished by a fine of not exceeding One Hundred Dollars, or by imprisonment not exceeding thirty days, or by both such fine and imprisonment, in the discretion of the Mayor, deals with two classes of persons, viz: persons who, while intoxicated, drive automobiles within the corporate limits and, secondly, persons guilty of reckless driving, and is a valid exercise of power so far as it relates to the second class of persons under a charter authorizing the city to regulate the speed at which horses and vehicles of all classes, automobiles and motorcycles may be driven through the streets of the city.

A Writ of Error to the Circuit Court for Dade County, H. Pierre Branning, Judge.

Judgment affirmed.

*James M. Carson* and *W. E. Walsh*, for Plaintiff in Error;

*McCaskill & McCaskill*, for Defendant in Error.

ELLIS, J.—Among the ordinances of Miami Beach there is one which provides for the punishment of any person who drives an automobile within the corporate limits of the city under certain conditions.

The ordinance is as follows:

"SECTION 97, CHAPTER 5,—ORDINANCES OF THE CITY OF MIAMI BEACH.

"Any person who shall drive any automobile within the corporate limits of Miami Beach while in a drunken or in-

toxicated condition, or who shall be guilty of reckless driving, by driving any automobile or motor vehicle over or upon any sidewalk, boardwalk, or concrete walk in the corporate limits, or by driving at a rate of speed greater than twenty-five miles per hour, or by turning corners, or approaching other automobiles, motorcycles, pedestrians in a reckless manner, shall be punished by a fine of not exceeding One Hundred Dollars, or by imprisonment not exceeding thirty days, or by both such fine and imprisonment, in the discretion of the Mayor."

The plaintiff in error was arrested and taken into custody by an officer of the city upon the charge of violating the above quoted ordinance. Mr. Rand applied to the Circuit Court for Dade County for a writ of Habeas Corpus and moved for his discharge upon the return of the Chief of Police, Mr. C. E. Brogden. The court remanded the petitioner and he took a writ of error to that judgment.

The petition alleges that Rand was arrested in "Miami," Dade County. Florida, on the first day of February, 1922, for "violation of Section 97, Chapter 5, of the ordinances of the City of 'Miami Beach' for driving a certain automobile within the corporate limits of said City of 'Miami Beach' at a rate of speed greater than twenty-five miles per hour."

The return of the Chief of Police is in substance that he held the petitioner in custody "under and by virtue of an arrest made by a police officer of said City of Miami Beach, Florida, of F. H. Rand, Jr., for driving an automobile over and upon a public highway in said City of Miami Beach at a rate of speed greater than 25 miles per hour, in violation of the ordinance attached to the petition," etc.

The Charter of the city empowers the City Council by ordinance to "regulate the speed at which horses and vehicles of all kinds, automobiles and motorcycles may be driven through the streets," etc. It also contains a general welfare clause empowering the Council by ordinance to "regulate any other matter or thing that may tend to promote the health, welfare, prosperity and morals of the City," and a clause vesting in the City Council all powers and privileges not inconsistent with its charter, "granted to the City Council of cities and towns by the general laws of the state and shall have power to do and perform all things necessary for the government of the city not inconsistent with the constitution and laws of the United States, the constitution of the State of Florida, and the terms and provisions of this act." See Chapter 7672, Acts 1917.

It is contended by plaintiff in error that the ordinance under which he was arrested is void, because it is too broad in its scope in that it undertakes not to regulate the speed of automobiles upon the "streets, sidewalks, alleys," only but it is broad enough in its provisions to embrace any spot, private track, play ground or private estate in the city.

Several cases are cited in support of the point that a city empowered by its charter to regulate the speed at which automobiles may be driven through its streets, may not pass a valid ordinance regulating the speed at which an automobile may be driven "within the corporate limits" of the city. It is contended that such an ordinance would be operative upon private property to which the authority of the city did not extend in the matter, that it would invade the right of citizens by including in its scope property over which it had no control..

There are two classes of persons with which the ordinance deals, viz: Persons who while intoxicated drive automobiles within the corporate limits; and persons guilty of reckless driving. The latter class is declared to consist of those who may drive automobiles or motor vehicles upon any sidewalk, boardwalk or concrete walk in the corporate limits; those who drive such vehicles at a rate of speed greater than twenty-five miles per hour; and those who when in turning corners or appraching other automobiles, motorcycles or pedestrians do so in a reckless manner.

The charge against the plaintiff in error was in effect that he was guilty of reckless driving by "driving an automobile over and upon a public highway in said city of Miami Beach at a rate of speed greater than twenty-five miles per hour." The ordinance is penal in character and should therefore receive a strict construction, or a reasonable construction and its terms should not be strictly scrutinized for the purpose of making them void. See 2 McQuillin on Municipal Corporations, Section 814.

Where it is open to two constructions, one legal and the other illegal, if possible the former will be adopted. See 2 McQuillin on Municipal Corporations, Section 810.

While it is desirable that ordinances should be free from doubt, the court should strive so to construe them as to give reasonable effect to the object aimed at. Scrutiny unreasonably rigid will not be resorted to in considering the meaning of ordinances. 2 McQuillin on Municipal Corporations, supra.

The City of Miami Beach has undoubted power, granted by its charter expressly, to regulate the speed at which horses and vehicles of all kinds, automobiles and motorcycles may be driven through the streets of the city.

In the case of State ex rel Ellis v. Tampa Water Works. Company, 56 Fla. 858, 47 South. Rep. 358, 19 L. R. A. (N. S.) 183 the rule of construction was adopted which requires all doubts as to the propriety of means used by a city in the exercise of its powers to be resolved in favor of the municipality. If a reasonable doubt exists as to a particular power attempted to be exercised by the city it will be resolved against the city, but the existence of the power being established all doubts as to the propriety of the means used in the exercise of the power will be resolved in its favor. The means adopted by the city to regulate the rate of speed at which automobiles may be driven through the streets was the adoption of an ordinance providing for the punishment of reckless driving. Reckless driving is defined by the ordinance to be driving at a greater rate of speed than twenty-five miles per hour.

To construe this language to mean driving at that rate of speed "anywhere in the city" is to write words into the ordinance that were not intended to be placed there and to exercise a power which the city did not possess. It is to place a broad or liberal construction upon the words used that would defeat the attempted exercise of its power.

The language used should be construed in the light of the power conferred, so that the meaning of the ordinance would be that the rate of speed at which an automobile may be driven on the city streets shall not exceed twenty-five miles per hour.

We do not regard either the case of People v. Bell (N. Y. Misc.) 148 N. Y. Supp. 753 or the case of Royal Indemnity Co. v. Schwartz, (Tex. Civ. Ap.) 172 S. W. Rep. 581 as supporting the contention of plaintiff in error. In each case the ordinance attacked undertook to regulate the driving of automobiles "within the city limits."

In the New York case the court held that as the city had power only to regulate the speed of automobiles on public highways an information which merely charged the defendant with driving an automobile at a greater rate of speed than fifteen miles an hour on "Main street" and not alleging that "Main street" was a public highway, did not charge any crime.

In the Texas case the ordinance prohibited any person under 18 years of age from operating or running "an automobile within the city limits." The court held that under the general power to "protect the lives, health and property of its inhabitants" the city did not have the power to prevent a person under 18 years of age from operating or running an automobile any where within the city limits because such ordinance "includes upon private property." That it was "unreasonable invasion of personal liberty."

In the case at bar to make the ordinance amenable to that criticism it is necessary by a liberal construction to read into the ordinance language not employed.

The judgment should therefore be affirmed, and it is so ordered.

TAYLOR AND WEST, J. J., concur.

BROWNE, C. J., AND WHITFIELD, J., specially concur.

WHITFIELD, J., concurring.—This cause is here on writ of error to an order remanding the petitioner under a charge of violating a city ordinance.

By its charter the Town of Miami Beach has express power by ordinance "to regulate the speed at which * * *

automobiles  *   *   *  may be driven through the streets''
of the town.   The ordinance asserted to be invalid is as
follows:

"Any person who shall drive any automobile within the
corporate limits of Miami Beach while in a drunken or in-
toxicated condition, or who shall be guilty of reckless
driving, by driving any automobile or motor vehicle over
or upon any sidewalk, boardwalk or concrete walk in the
corporate limits, or by driving at a rate of speed greater
than twenty-five miles per hour, or by turning corners,
or approaching other automobiles, motorcycles, pedestri-
ans in a reckless manner, shall be punished by a fine of
not exceeding One Hundred Dollars, or by imprisonment
not exceeding thirty days, or by both such fine and im-
prisonment, in the discretion of the Mayor.''

It is contended that the ordinance is invalid because
it purports to regulate the speed &c., of automobiles "with-
in the corporate limits of Miami Beach,'' which includes
regulation upon private property as well as upon the
highways within the town limits, the argument being that
the town cannot regulate the operation of automobiles on
private property and that the attempt to do so renders
the ordinance entirely void.   If it be conceded that the
town may not be and has not been authorized to regulate
the speed of automobiles when operated upon private
property within the town, and that the quoted ordinance
purports to regulate automobiles operated on private prop-
erty as well as upon the highways within the town, the
ordinance covers and may under the express charter power
be applied to automobiles operated on streets within the
town, even if it may not be applied to automobiles operated
on private property, and as the charge here is that the peti-
tioner was "driving an automobile over and upon a pub-

528        SUPREME COURT OF FLORIDA.

State ex rel. Rand, Jr. v. Brogden—Concurring Opinion.

lic highway in said city of Miami Beach at a rate of speed greater than 25 miles per hour, in violation of the ordinance'' that is quoted above, the act charged is a violation of the ordinance, under circumstances that do not make the application of the ordinance illegal, since the town had the power to punish the act charged and it is covered by the ordinance. This is so even if the ordinance may not be legally applied to an act of excessive speed on private property. An enactment may be valid as applied to one state of facts and yet invalid as applied to another. Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 South. Rep. 282; Fergusson v. McDonald, 66 Fla. 494, 63 South. Rep. 915; Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 42 Sup. Ct. Rep. 106; Kansas City Southern R. Co. v. Anderson, 233 U. S. 325, 34 Sup. Ct. Rep. 599; El Paso & N. E. R. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. Rep. 21.

While the lawmaking power of a State legislature is limited only by the State and Federal Constitutions, the law making power of a municipality is only that which is granted to it by the statutes of the State subject to organic law, just as Acts of Congress must be predicated upon powers granted by the Federal Constitution.

Ordinances should be construed with reference to existing controlling law, and it must be assumed that a valid ordinance was intended where there is nothing to indicate a distinct purpose to violate the law adopting the ordinance. State ex rel. Ellis v. Tampa Water Works Co., 57 Fla. 533, 48 South. Rep. 639.

The rules applicable to the construction of statutes apply with equal force to ordinances. 19 R. C. L. 811; 2 McQuillan's Munic. Corp. Section 810; 28 Cyc. 388; Continental Oil Co. v. City of Santa Fe, 25 N. M. 94, 177

Pac. Rep. 742, 3 A. L. R. 398; People v. Chicago Ry. Co., 270 Ill. 87, 110 N. E. Rep. 386, Ann Cas. 1917 B, 821.

While municipalities can legally exercise only such powers as are conferred by express provisions of law, or such as are by fair implication and intendment properly incident to or included in the powers expressly conferred, and reasonable doubts as to the existence of a power should be resolved against the municipality, yet when authority exists and action is taken thereunder by a municipality, all doubts as to the propriety of the action taken should be resolved in favor of the municipality. See State *ex rel.* Ellis v. Tampa Water Works Co., 56 Fla. 850, 47 South. Rep. 358, 19 L. R. A. (N. S.) 183.

Conceding that the provision of the ordinance here considered should, in view of the language of the statute under which it was passed and with reference to which it must be construed, be regarded as meaning only that the driving of automobiles at excessive speed therein forbidden and punished, should not be done on the streets of the town, yet the charge in this case is that the forbidden act was in fact done upon a public highway in the town, which is "within the corporate limits of Miami Beach." The fact that the regulations of the ordinance are not in terms limited to the operation of automobiles *on the streets* of the town does not render the ordinance wholly void. If the ordinance may not legally be applied to the operation of automobiles on private property, such an act if alleged as an offense would not justify a conviction; and if not specifically alleged it may be shown in evidence and a conviction would be illegal. See Cason v. Quinby, 60 Fla. 35, 53 South. Rep. 741. See also Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915; Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834; Osborne v. State, 33 Fla. 162,

14 South. Rep. 588; Osborne v. State of Florida, 164 U. S. 650, 17 Sup. Ct. Rep. 214.

The operation of the ordinance is limited by the statute under which the ordinance was passed if it is not also limited by the undisclosed title of the ordinance.

In Re Robinson, 73 Fla. 1068, 75 South. Rep. 604, the body of the statue did not limit its regulations to automobiles operatel upon highways, but the title did so limit the act, and the information did not charge that the automobile was operated upon the highways.

This court sustained the statute and held the information sufficient as against an application for discharge on *habeas corpus.* The court held that ''under the allegation of operation * * * the circumstances of such operation may be shown.'' If the circumstances are within the legal purview of the enactment the prosecution will be sustained (Ferguson v. McDonald, *supra*); and if the circumstances are not within the purview of the enactment the prosecution will not be sustained. Cason v. Quinby, *supra.*

In Royal Indemnity Co. v. Schwartz (Tex. Civ App.), 172 S. W. Rep. 581, an ordinance enacted under the general welfare powers of a city wherein regulations of the operation of automobiles ''within the city limits'' was held to be unreasonable as including within its regulated territory property other than streets. It was not held that the ordinance was void because in excess of an express power to regulate operation ''upon the streets'' of the city. There appears to have been no such express grant of power as exists in this case. Here the ordinance may be void as to the excess but not as to the extent of the power expressly granted.

In People v. Bell, 148 N. Y. Supp. 753, a conviction on a plea of guilty to a charge of running an automobile at a prohibited rate of speed "upon Main Street in said village" was held to be erroneous, because the ordinance under which the charge was made, regulated the speed "within the corporate limits of the village," when the State law authorized such local regulations only upon public highways, and because it was not alleged that "Main Street" was a public highway or that the ordinance was adopted or that the State law had been complied with as to the regulations. In the opinion it is said "if in this case the defendant had pleaded not guilty to the charge contained in the information, and the trial had proceeded without objection, and the evidence had been produced showing that the ordinance had been legally adopted, and that all of the requirements of the Highway Law, relating to the ordinance, had been complied with, and that Main street was a public highway, and that the defendant had violated the ordinance, and at that point the defendant had said: "Why proceed further? I have committed the crime, I plead guilty"—a judgment of conviction thereon should be upheld. People v. Wiechers, 179 N. Y. 459, 72 N. E. 501, 1 Ann Cas. 475. It might be said in such case that the evidence would come to the aid of the information in describing the crime committed, and that the plea was one of guilty to the crime so described."

BROWNE, C. J., concurs.