ANGUS GILLIS, *ex rel.*, STATE OF FLORIDA, *Plaintiff in Error, v.* BERT CROFT, CHIEF OF POLICE OF FORT LAUDERDALE, STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion Filed July 14, 1926.

1. The order and judgment of the Circuit Court complained of should be affirmed upon the authority of the opinions in the cases of Canova v. Williams, 41 Fla. 509, 27 South. Rep. 30; Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834; Rand v. Brogden, 84 Fla. 520, 94 South. Rep. 653.

2. Where a municipality has statutory authority to tax occupations without reference to the amounts taxed by State laws, and there is no controlling organic provision, the amounts of

the occupation tax imposed may be determined by the municipality, and the courts will not interfere unless the amounts imposed are so unequal and unjustly discriminating in relation to like conditions as to deny the equal protection of the laws, or are so unreasonably large as to be an arbitrary and oppressive exercise of governmental power.

A writ of error to the Circuit Court for Broward County; C. E. Chillingworth, Judge.

Affirmed.

*Farmer & Grantham,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, *Roy Campbell,* Assistant Attorney General, and *M. Lewis Hall,* for Defendant in Error.

PER CURIAM.—The plaintiff in error sued out habeas corpus to test the validity of an ordinance of the City of Fort Lauderdale, Florida, under which he stood convicted. Upon final hearing the Circuit Judge remanded him to the custody of the Chief of Police from which order and judgment writ of error was taken. The Charter under which the ordinance in question was passed was chapter 10552 Special Acts of Legislature of Florida, 1925, and that part of the charter necessary to be considered in connection with this case is contained in Section 7 in sub-paragraphs ''A'' and ''P'' as follows:

''*Sec. 7. Powers of the City.*—The City of Fort Lauderdale hereby created, established and organized shall have full power and authority.''

''(a)  To raise annually by taxes and assessments in said City such sums of money as the City Commission hereinafter provided for shall deem necessary for the purposes and needs of said City, and in such manner as shall be here-

inafter provided for according to law; to issue and sell bonds upon its property both within and without its corporate limits, or the earnings thereof, or both.''

''(p)   To license and tax privileges, business, occupations, and professions carried on and engaged in within the corporate limits of the city; to classify and define such privilges businesses, occupations and professions for the purpose of taxations and the classification and definition and the amount of such licenses of tax shall not be dependent upon a general State revenue law.''

The ordinance adopted by the proper authorities appears to be as follows:

''An ORDINANCE AMENDING ORDINANCE NO. 176 PASSED BY THE CITY COUNCIL OF FORT LAUDERDALE, FLORIDA, UPON SEPTEMBER 25, 1923, AND APPROVED ON SEPTEMBER 25, 1923, BY FIXING THE AMOUNT OF LICENSE TAX TO BE COLLECTED BY THE CITY OF FORT LAUDER- DALE, FLORIDA, FOR EACH YEAR COMMENCING OCTOBER 1, 1925, ENGAGED IN THE REAL ESTATE BUSINESS AS BROKER OR SALESMAN DEFINING THE TERMS 'BROKER' AND 'SALESMAN,' AND PROVIDING A PENALTY FOR THE VIOLATION OF THE PROVISIONS OF THIS ORDINANCE.

BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF FORT LAUDERDALE, FLORIDA.

## SECTION I.

That ordinance No. 176 entitled an ordinance amending chapter 18 of the Code of the City of Fort Lauderdale, Florida, adopted by ordinance No. 148, and approved on the 1st day of November, 1922, by fixing the amount of license taxes to be collected by the City of Fort Lauderdale,

Florida, for each fiscal year, commencing October 1, 1923, for certain occupation, business and professions herein enumerated, be and the same is hereby amended, as hereinafter set forth.

## SECTION II.

Within the meaning of this ordinance, the term 'broker' shall be taken to refer to and include a real estate broker, and is hereby defined as follows: Any person, firm or corporation engaged in the sale of real estate or offering the same for sale, maintaining a place of business within the City limits of the City of Fort Lauderdale, shall be known and distinguished as a broker. Any person not maintaining a place of business within the City limits of Fort Lauderdale, Florida, but who employs salesmen who sell or offers for sale certain real estate and who receives a percentage of a commission, or pays a salary to such salesman shall be known and classified as a 'Broker.'

Any person who sells or offers for sale real estate other than as above set forth, shall be known and classified as real estate salesman, and is herein referred to as salesman, and for the purposes of this ordinance the word 'salesman' is so defined.

## SECTION III.

That license tax shall be paid by every person, firm or corporation engaged in, conducting or managing a real estate business, selling or offering for sale real estate as a broker in the amount of Two Hundred Fifty ($250.00) Dollars per year, commencing on October 1, 1925, and payable on said date. Upon payment of said sum of money by any broker as aforesaid; the said broker, together with one other person shall be exempt from paying the salesman's license tax as hereinafter set forth. If the broker be a firm

or corporation, any two representatives of such firm or corporation may be exempt from payment of salesman's tax as hereinafter provided but in any event at the time of application for license, the names of the two persons who will sell thereunder shall be furnished to the City Treasurer and Collector, and shall be placed upon the license so issued.

Any person engaged in the real estate business as a salesman who sells or offers for sale real estate, shall pay a license tax of one hundred ($100.00) dollars per year beginning on the first day of October, 1925, and payable on said date.

### SECTION IV.

The City Treasurer and Collector is hereby instructed to collect said license taxes in accordance with the provisions hereof, and to issue a license upon the payment thereof.

### SECTION V.

Any person, firm or corporation selling or offering for sale real estate without first obtaining license therefor as herein provided shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not to exceed Five Hundred ($500.00) Dollars, or sentenced to hard labor not to exceed ninety (90) days, or both in the discretion of the Municipal Judge.

### SECTION VI.

All ordinances or parts of ordinances in conflict herewith the same are hereby repealed.

### SECTION VII.

This ordinance shall be in force and effect upon its passage.

PASSED upon this 8th day of September, A. D. 1925.''

Final order and judgment from which writ of error was taken was as follows:

"The foregoing cause coming on to be heard upon return to the writ of habeas corpus, and the court having heard the testimony and arguments of counsel for the respective parties and duly considered the same, it appearing to the court that from the ordinance in question that it was enacted for the purpose of raising revenue under authority conferred by the legislature, and that neither the petitioner, nor any real estate broker, has offered any testimony tending to show that the amount of the tax works any hardship on the business, or prevents or deters any one from becoming a real estate broker, or is in any way unreasonable, excessive, arbitrary, oppressive or unjust, or discriminatory, as between persons engaged in the same class of business, thereupon.

IT IS ORDERED ADJUDGED that the custody of petitioner be remanded to respondent, with costs taxed against petitioner.

DONE AND ORDERED IN Chambers at West Palm Beach, Florida, this 27th day of November, A. D. 1925."

Having examined the record and considered the argument of the respective counsel as presented on briefs, we are of the opinion that no harmful error is disclosed by the record and that the order and judgment of the Circuit Court complained of should be affirmed upon the authority of the opinions in the cases of Canova v. Williams, 41 Fla. 509, 27 South. Rep. 30; Hardee v. Brown, 56 Fla. 377, 47 South, Rep. 834; Rand v. Brogden, 84 Fla. 520, 94 South. Rep. 653; and it is so ordered.

Affirmed.

WHITFIELD, TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.

WHITFIELD, J., concurring.

Where a municipality has statutory authority to tax occupations without reference to the amounts taxed by State laws, and there is no controlling organic provision, the amounts of the occupation tax imposed may be determined by the municipality, and the courts will not interfere unless the amounts imposed are so unequal and unjustly discriminating in relation to like conditions as to deny the equal protection of the laws, or are so unreasonably large as to be an arbitrary and oppressive exercise of governmental power. A violation of this rule is not shown.

TERRELL AND STRUM, J. J., concur.