Ex Parte Application of George M. Quigley for Writ of Habeas Corpus, *Plaintiff in Error*, v. State of Florida, *Defendant in Error.*

Division B.

Opinion filed April 28, 1930.

*J. McHenry Jones* and *Philip D. Beall*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General and *Roy Campbell*, Assistant, for Defendant in Error.

Buford, J.—George M. Quigley filed a petition in the Circuit Court for Escambia County for writ of habeas corpus. The petition alleged that the relator was unlawfully detained in the custody of the Sheriff of Escambia County, Florida, under and by virtue of a certain capias issued out of the Court of Record of such county.

The petition further alleged that the information was predicated upon Sec. 35 of Chapter 6746, Laws of Fla. of 1913, and the petitioner alleges that the statute which he

is charged with having violated is void because of its being in conflict with certain stated provisions of the Constitution, particularly is it alleged to be in conflict with Sec. 13 of the Declaration of Rights and with Sec. 8 of the Declaration of Rights, with Sec. 5 of Article VI, with Sec. 12 of the Declaration of Rights; and for other reasons. The section of the statute referred to is as follows:

"Sec. 35. Any officer or employee of the City of Pensacola who solicits support for any candidate for Commissioner, in any primary or general election, or any such officer or employee who shall endeavor to influence any voter to vote for or against any candidate for Commissioner, shall be deemed guilty of a misdemeanor, and on conviction shall be punished as may be provided by law or city ordinance, and shall be removed from office or employment with the city, and ineligible to any such office or employment."

Upon the petition being presented, the Judge made an order denying the writ, giving as his reason for such order, "It is considered by the Court that from the records and the proceedings that issuance of a writ of habeas corpus would be futile under the circumstances."

The order of the Judge further allowed the petitioner a writ of error from the order refusing the writ and upon such writ of error the case is here for review.

In Lewis v. Nelson, 62 Fla. 71, 56 So. R . 436, the Court say:

"While the habeas corpus is not a remedy for relief against imprisonment under a warrant that charges a criminal offense defectively or inartificially, yet it may be used as a remedy where the offense charged does not constitute a crime under the laws of the State by

reason of the statute under which the charge is made being unconstitutional, or when the charge wholly fails to allege a crime.''

See also Thorpe v. Smith, 64 Fla. 154, 59 So. R. 193; Jackson v. State, 71 Fla. 342, 71 So. R. 332; in re E. E. Robinson, 73 Fla. 1068, 75 So. R. 604; Ex parte R. M. Davidson, 76 Fla. 272, 79 So. R. 727; Cooper v. Lipscomb, 97 Fla. 668, 122 So. R. 5, and cases there cited.

We find nothing in the record upon which to base a conclusion that the issuance of a writ of habeas corpus would be futile in this case. Certainly, if the allegations of the petition as to facts are true, and they must be taken to be true in the absence of a showing to the contrary, the issuance of the writ would not be futile unless it appears upon the face of the petition that the petitioner is lawfully held in custody under a capias charging an offense against the law.

The petition clearly presents for determination by the Court the question of the validity and constitutionality of the statute for the violation of which the petitioner is alleged to be restrained of his liberty. This is a justiciable question as to the determination of which the petitioner is entitled to the judgment of the Court and such question may be properly presented in habeas corpus proceedings.

For the reasons stated the judgment of the Court denying the writ of habeas corpus is reversed with directions that the writ issue.

Reversed.

ELLIS, STRUM AND BROWN, J. J., concur.

TERRELL, C. J., AND WHITFIELD, J., not participating.