H. LESLIE QUIGG, as Chief of Police of the City of Miami, Plaintiff in Error, v. STATE *ex rel.* A. W.. MILLER, Defendant in Error.

199 So. 489
Division A
Opinion Filed January 3, 1941

*Lewis Twyman,* for Plaintiff in Error;
*Price & Price,* for Defendant in Error.

BUFORD, J.—The record in this case shows that the defendant in error, Miller, operated the business of a wholesale merchant dealing exclusively in apples grown outside of the State of Florida; that he conducted this place of business in three rooms or stalls rented by him from Dade County Growers Coöperative Marketing Association. Miller was not a member of the Association; he did not transact his business through the Association. His was an independent business of buying and receiving on consignment large quantities of apples and selling them in large or small quantities, according to the requirements of his customers.

Section 3 (bb) of the charter of the City of Miami provides that the City of Miami shall have power "To license and tax privileges, business, occupations, and professions carried on and engaged in within the City limits, and the amount of such licenses and the amount of such license taxes shall not be dependent upon a general State revenue law."

Section 49 of the Charter of the City of Miami provides, inter alia: "In providing for licensing and regulating, persons, corporations and associations engaged in business, occupation, professions and trades the Commission may by ordinances, classify businesses and arrange the various businesses, occupations, trades and professions carried on in the City into such classes as may be just and proper and fix by ordinance the license fee payable by each, without regard to the State law fixing such fees."

The power and authority of the City under these ordinance provisions has been upheld by this Court in the case of State of Florida ex rel. Swift v. Dillon, 75 Fla. 785, 79 Sou. 29; Hardee v. Brown, 56 Fla. 377, 47 Sou. 834.

Pursuant to that provision, the City of Miami adopted an ordinance which, amongst other things, required an occupa-

tional license tax of "merchants, wholesale, jobber or distributer, having capital invested as follows: Not exceeding $10,000.00 . . . $50.00."

It is unquestioned that the defendant in error is a merchant doing a wholesale business having a capital invested of not exceeding $10,000.00 and under which condition the City has required the occupational license tax of $50.00.

The defendant in error contends that he is exempt from the payment of municipal license tax on authority of the opinion and judgment in the case of Johns v. Weeks, 140 Fla. 141, 191 Sou. 187. We cannot agree that the opinion and judgment in that case is applicable here. It will be noted that it is said in that opinion:

"The wholesale farmers' produce market is a convenience to help him in this. It is not a place where speculative retailing in farm and grove produce is carried on. Sales are limited to those made by the producer or his agent. It is, in other words, a clearing house for farm and grove products."

In the instant case the defendant in error is doing exactly that thing which the Court said was not done in a wholesale farmers' produce market. He is doing a speculative business in a certain horticultural product and he is not a grower or a producer.

We have repeatedly held that where there are valid local or special laws relating to the powers and government of particular municipalities that are in conflict with the general statutory laws such local or special laws prevail. See Sanders v. Howell, 73 Fla. 563, 74 Sou. 802; Langston v. Lunsford, 122 Fla. 813, 165 Sou. 898; Gillis v. Croft, 92 Fla. 267, 109 Sou. 446; Kimmel v. Quigg, 93 Fla. 206, 111 Sou. 893.

It appears to us to be inescapable that if a person is amenable to the tax if operating, in his own building or a building leased from another individual, the same sort of business which the defendant in error was operating in rooms or booths rented from Dade County Growers Coöperative Marketing Association, then the mere fact that he does business in such rooms or booths leased from the Association does not make him immune to the payment of the tax.

It is next contended by the defendant in error that where the ordinance exempts certain farmers or growers producing farm and grove products in designated counties and does not exempt the growers producing the same products in other counties or States, the ordinance is discriminatory and invalid. This is a provision of the ordinance with which the defendant in error is not concerned because he is neither a grower nor a producer, either in the exempted area or in any other area and, therefore, he is not affected by the exemption.

Then the defendant in error propounds the following question:

"Where such revenue Act as applied to coöperative markets is based upon invested capital, and it appears that the entire invested capital of such coöperative market, including farm products in stalls, is less than $100,000.00 and would require a license tax of $200.00, and the municipal authorities seek to collect a license tax from each person selling farm or grove products upon a capital investment not exceeding $10,000.00, and there appears to be two hundred and sixty-one stalls or booths, from which farm products may be sold and upon which the municipality seeks to collect a $50.00 license tax, or a total of $13,050.00, is such license tax unreasonable?"

· We think that what we said heretofore answers this question.

The City is not attempting to apply the revenue Act to the coöperative market. It is applying the revenue Act to an individual who rents space to do business from the coöperative market and the license tax which he is required to pay is only $50.00 and not a total of $13,050.00.

There is no showing in the record that the license tax of $50.00 required is so unreasonable and excessive as to result in its invalidity. See State *ex rel.* Southern Roller Derbies, Inc., v. Wood as Tax Collector, filed at this term of Court 145 Fla. 296, 199 So. 262.

For the reasons stated, the judgment is reversed and the cause remanded with directions that the petitioner in the court below, defendant in error here, be remanded to the custody of Quigg as Chief of Police of the City of Miami.

So ordered.

TERRELL, C. J., THOMAS and ADAMS, J. J., concur.

Justices WHITFIELD, BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.