DREW, Justice.
This is an appeal from a final decree validating $150,000 public improvement certificates of the City of Key West dated July 1, 1957 issued for the purpose of providing funds for constructing a swimming pool or swimming pools, recreational facilities and a community hall. The ordinance authorizing the issuance of said public improvement certificates provides that said certificates and all interest thereon shall be paid exclusively from the proceeds *616 received by the City of Key West from the excise or privilege tax imposed by said City upon the sale, receipt, purchase, possession, consumption, handling, distribution and use of cigarettes sold or to be sold at retail within the territorial limits of said City, said tax being authorized by and levied pursuant to the provisions of Section 210.03, Florida Statutes 1955, F.S.A., and the City ordinances adopted pursuant thereto. It is specifically provided in the ordinance authorizing the issuance of said certificates that such certificates do not constitute an -indebtedness or pledge of the general credit of said city within the meaning of any constitutional, charter or statutory provisions relating to the incurring of indebtedness.
Prior to the adoption of the ordinance authorizing the issuance of the bonds and obviously for the purpose of evidencing legislative approval of the expenditure of the funds for the purposes set forth in the ordinance, the Legislature enacted Chapter 57-1468 (H.B. 1412) the pertinent portion of which authorizes the City of Key West to expend from the amounts it receives by virtue of Chapter 210, supra, a sum of money not in excess of $175,000 “for the purpose of constructing a municipal swimming pool or swimming pools and recreational facilities and community hall.” The act further authorizes the City to issue such certificates of indebtedness not to exceed the .amount aforesaid as may be required to complete and finance said projects and to pledge not in excess of the sum of $175,000 of said funds so received under Chapter 210, Florida Statutes 1955, F.S.A., aforesaid, to pay off said certificates of indebtedness.
 Appellants argue that the aforementioned 1957 act of the Legislature violates Article IX, Section 5 of the Florida Constitution, F.S.A., in that it purports to authorize the proceeds derived from a state tax to be applied to local purposes. There is no merit in this contention. For the purpose of making uniform throughout the state taxes levied upon the sale of cigarettes,' Chapter 210, supra, authorizes any incorporated city within the state to impose such tax up to the same amount and under the same conditions set forth in the act itself. While it authorizes the collection of said tax by a state agency, in those instances where the municipal corporations have elected to levy said tax under Section 210.03, the proceeds derived therefrom and the tax so levied are purely a municipal tax.
In State v. City of Coral Gables, Fla.1954, 72 So.2d 48, we approved the issuance of bonds of the City of Coral Gables which pledged the proceeds of said cigarette tax for the purpose of constructing storm sewers within said city. In State v. City of Auburndale, Fla.1956, 85 So.2d 611, we approved an issue of bonds payable from the city’s share of the proceeds of the cigarette tax for the purpose of improving the streets, building sanitary and storm sewers and to liquidate certain outstanding tax certificates to “construct a municipal building to house city offices.” In that case we reviewed the type of improvements that Chapter 210 authorized to be financed from the proceeds of the cigarette tax and held that while there was a limitation in said act upon such purposes, that a city hall falls within the classification of an essential governmental function. And again in the recent case of Welker v. State, Fla.1957, 93 So.2d 591 we reviewed these limitations and held that the construction of an off-street parking facility is within the authorized uses of the cigarette tax income under the aforesaid Chapter 210.
Obviously because of the limitations placed upon the authorized uses of the proceeds of the cigarette tax in Chapter 210, and the uncertainty that “swimming pools, recreational facilities and a community Hall” were within such authorized uses, the city procured the passage by the Legislature of the aforementioned Chapter 57-1468, Acts of 1957. This act extended the authorized uses to include the construction of the municipal improve- *617 merits described in the ordinance authorizing the issuance of the subject certificates, determining in effect that such uses were a municipal purpose. It is suggested on this appeal that the 1957 special act aforesaid is in conflict with the general law and, therefore, invalid and ineffectual to confer the power upon the City of Key West to use such funds for the purposes mentioned in the ordinance. Numerous decisions of this Court answer this question contrary to the contention of appellants. Without deciding that these improvements may not be lawfully constructed and the proceeds of the cigarette tax pledged, under the provisions of Chapter 210, the 1957 special act clearly confers such authority upon the City and to the extent of any conflict between it and the general law, the 1957 Special Act controls. See Quigg v. State ex rel. Miller, 1941, 145 Fla. 431, 199 So. 489; City of St. Petersburg v. Carter, Fla.1949, 39 So.2d 804.
Affirmed.
TERRELL, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.