TILLMAN PEARSON, Judge
(dissenting).
The circuit judge, in his order discharging the prisoner, grounded his decision, in part, upon the following facts which he found:
“ * * * and the Court is of the further opinion that under the Statute covering the right of the State Attorney to call in witnesses, that the State may only call a witness before the State. It is apparent that Mr. Husk desired counsel and the Court is of the opinion *41 that immunity has been granted to the petitioner by the State. The Court is of the further opinion that the State allowed Peter J. Maimone, whom the State admitted had been previously given immunity, to be present during a great deal of the interrogation of petitioner and that he gave testimony at the same time confronting the petitioner. The Court is of the opinion that petitioner was deprived of his right under Sect. 12 of the Declaration of Rights of the Florida Constitution and under the Fifth and Fourteenth Amendments of the Constitution of the United States.”
It is because of the facts referred to in this portion of the Circuit Judge’s order that I am impelled to dissent to the decision in this case, even though there is much in the majority opinion that is undoubtedly the law and with which I therefore can have no disagreement.
The State Attorney produced a copy of the proceedings in his office and this record is attached to the petition for habeas corpus. I believe that the interrogation of the petitioner, as revealed by the transcript of that interrogation, affords an adequate legal basis for the finding of the Circuit Judge that the petitioner’s constitutional rights were violated in that he was required to attend and answer to a criminal charge in an accusatory proceeding at which he was effectively denied the right of counsel and that during said proceeding he was required to give evidence against himself. It affirmatively appears that it was upon the basis of information thus illegally procured that he was then charged with the crime upon which he was held at the time of the habeas corpus hearing.
If this is true, is the remedy only by appeal and not by petition for habeas corpus ? In Milton v. Cochran, Fla.1962, 147 So.2d 137, which was a post conviction habeas corpus proceeding, the defendant com- , plained that a coerced confession had been improperly admitted into evidence. The Supreme Court held that the confession had: not been coerced and therefore, the writ was discharged. But the Court did say:
“The obvious importance of the confession to the conviction obtained against petitioner and the allegations of abuse and of interrogation for long periods of time, coupled with the long delay in taking the petitioner before a magistrate, suggested a possible deprivation of due process so as to warrant our consideration of this matter on habeas corpus.”
It appears to me that the findings of the Circuit Judge bring this case exactly under a deprivation of due process so as to warrant his consideration of the matter on habeas corpus. The petitioner urges that he was unconstitutionally interrogated as a part of a plan to secure evidence which would tend to prove him guilty of a crime of which he was already, in all except formality, charged. If we concede that the facts before the circuit judge may have been a basis for his determination that this much was true, the next step is to inquire if the petitioner can lawfully be tried by the court in which he is now charged upon an information resulting from the unconstitutional interrogation.
It has often been held in Florida that habeas corpus will lie to prevent a prosecution upon an unconstitutional statute or ordinance. Quigley v. State, 99 Fla. 933, 127 So. 898, Cason v. Quinby, 60 Fla. 35, 53 So. 741.
It has further been held that the jurisdiction of a court to render a judgment depends upon the due observance of the constitutional rights of the accused. Sneed v. Mayo, Fla.1953, 66 So.2d 865.
Even though it is undoubtedly true that habeas corpus should not be used to interrupt the orderly prosecution of a criminal case, I feel that in this instance the Circuit Court had the jurisdiction to issue the writ and the discretion to do so. It is sound public policy, required as the only effective *42 means of preserving the constitutional guarantees, that a subsequent information charging the commission of a crime concerning which one was unconstitutionally interrogated and based in whole or in part upon such unconstitutional interrogatories is invalid. See full discussion in State ex rel. Poach v. Sly, 1934, 63 S.D. 162, 257 N.W. 113.
I recognize that there is a substantial procedural question as to whether the petitioner should be required first to move in the trial court to quash the information, or .required both to so move and then appeal from his conviction. No purpose would now be served by a discussion of this question because I understand the majority opinion to hold that the Circuit Court was without jurisdiction to entertain the petition for the writ. It is from such holding that I dissent.