QUESTION: Is Metropolitan Dade County, pursuant to s. 6(f) of Art. VIII, State Const., entitled to a return under s. 206.625(1), F. S., of gasoline and special fuel taxes paid by Metropolitan Dade County?
SUMMARY: Dade County, having been granted, by Art. VIII, s. 6(f), State Const., the right to exercise all powers conferred by general law on municipalities, including those powers relating to the levying, collecting, and receiving of taxes, is a "municipality" for purposes of the levying, collection, and receipt of taxes, and therefore is entitled to a return under s.206.625(1), F.S., of gas taxes paid pursuant to ss. 206.41 and206.60, F.S., by the county on gasoline used by it in its motor vehicles in carrying on a central metropolitan government in Dade County. Your question is answered in the affirmative, within the limits set out below. Section 206.625(1), F.S., provides that: (1) Those portions of the first gas tax, imposed by s. 206.41, and the additional gas tax, imposed by s. 206.60, which result from the collection of such taxes paid by a municipality on gasoline for use in a motor vehicle operated by it shall be returned to the governing body of each such municipality for the construction, reconstruction, and maintenance of roads and streets within the municipality. Article VIII, s. 6(f), State Const., provides that: (f) DADE COUNTY; POWERS CONFERRED UPON MUNICIPALITIES. To the extent not inconsistent with the powers of existing municipalities or general law, the Metropolitan Government of Dade County may exercise all the powers conferred now or hereafter by general law upon municipalities. In reviewing the effect of this latter provision, the Supreme Court of Florida has definitely determined that the constitutional grant to Dade County of the right to exercise all powers conferred by general law upon municipalities necessarily granted to the county the same powers to levy and collect taxes as a municipality. Thus, in State ex rel. Dade County v. Brautigam, 224 So.2d 688 (Fla. 1969), the court stated at pp. 692 and 693: Prior to the adoption of Fla. Const., 1968, serious questions had arisen as to whether the taxing power of Dade County should be the same as any other Florida county even though the county performed municipal functions in the unincorporated area. The obvious purpose of s. 6(f), Art. VIII, Fla. Const., 1968, was to lay this question at rest so that the municipal functions performed by Dade County in the unincorporated area could be adequately financed.[4] One of the serious limitations under the Dade County Home Rule Amendment was the inequity between the taxing powers of the county in unincorporated areas and the taxing powers of existing municipalities. The county could be called upon to provide more and more municipal type services in unincorporated areas, yet would have no more taxing power than a small rural county. In recognition of this inequity in the tax structure, Art. VIII, s. 6(f), must necessarily grant to the county the same power to levy and collect taxes as municipalities. This construction of the Constitution removes the existing inequity and gives the county the revenue necessary to meet the increasing demands for services. [5-7] The cigarette tax is not a state tax but a local municipal tax, State v. City of Key West, 97 So.2d 615, 616 (Fla. 1957). No state appropriation is necessary for this disbursement of a municipal tax. Dade County is included in the class described as "all municipalities" in statutes relating to "the powers conferred now or hereafter by general law upon municipalities." Also, in State v. Dade County,127 So.2d 881 (Fla. 1961), the Supreme Court held that Dade County, by virtue of the home rule amendment and charter, had the powers granted municipalities to borrow money under Ch. 184, F. S., even though that statute appeared on its face to grant powers only to municipalities. See also Bearden v. Metropolitan Dade County, 258 So.2d 344 (3 D.C.A. Fla., 1972). Thus, it would appear that Dade County, by virtue of the above interpretation of the State Constitution and relevant statutory provisions, is a "municipality" for the purpose of the return pursuant to s.206.625(1), F.S., of those portions of the first gas tax imposed by s. 206.41, F.S., and the additional gas tax imposed by s.206.60, F.S., paid by the county for use in its vehicles in carrying on a central metropolitan government in Dade County. Cf., AGO's 072-186 and 074-341.