PER CURIAM.
The appellant Ralph H. Bearden, Jr., filed a class action challenging the validity of Ordinance No. 70-27 of Metropolitan Dade County, which imposed an excise tax on purchases of designated utility services in the unincorporated area of Dade County. Pertinent provisions thereof were:
“There is hereby levied and imposed by the county upon every purchase in the unincorporated area of electricity, metered gas, bottled gas, fuel oil, telephone service, and water service, included in or reflected by any bill rendered by the seller to the purchaser an excise tax which shall be determined as follows:
“(1) When the seller, in accordance with his rules and regulations, renders a bill to the purchaser to cover purchases made during the period of time to which the bill is applicable, the amount of excise tax shall be ten per cent, exclusive of governmental charges and taxes, shown on any such bill, due and payable on account of such purchases, of such total amount.”
The trial court held the ordinance was valid, and the plaintiff Ralph H. Bearden, Jr., appealed.
The appellant contends the ordinance should have been declared to be invalid be *346 cause the proceeds therefrom go into “the general county fund for the benefit of all the county” [1] and because the ordinance is vague and uncertain.
Dade County had authority to impose such a tax in the unincorporated area of the county, by constitutional grant of such power to (Home Rule) Dade County. Specifically by subsection 21 of § 1.01 (A) of its charter the county is authorized to exercise powers and privileges granted to municipalities; and by statute (§ 167.431 Fla.Stat, F.S.A.) municipalities can impose taxes of the kind involved here. Additionally, by § 1.01(D) of the Dade County charter, the county commission is authorized to levy in the unincorporated areas all taxes authorized to be levied by municipalities. See State ex rel. Dade County v. Brautigam, Fla.1969, 224 So.2d 688.
After upholding the ordinance substantially on the foregoing basis, the trial court noted and dispensed with, adversely to the plaintiff (appellant), the contention that the ordinance should be declared invalid because by placing the proceeds in the county’s general fund there was no assurance the proceeds would be devoted only for the benefit of the citizens of the unincorporated areas of the county. With regard thereto the judgment of the trial court stated:
“The plaintiff's argument that municipal taxpayers may receive some benefit from the tax monies paid by those in the unincorporated area does not, in the Court’s opinion, invalidate the tax. First, there is no showing that all the tax monies will not be spent in the unincorporated area or that the unincorporated area will.not receive a special benefit from the receipts. Moreover, the Court is of the opinion that the County Commission has the authority to decide where the tax receipts should be spent and the mere fact that some of the taxpayers may not personally receive a benefit is immaterial, as may be seen from Dressel v. Dade County, Fla.App.1969, 219 So.2d 716, and cases cited, as well as Burton v. Dade County, Fla.1964, 166 So.2d 445. Cf. City of St. Petersburg v. Briley [Wild & Associates, Inc.], Fla.1970, 239 So.2d 817, and Lott v. City of Orlando, Fla.1939 [142 Fla. 338], 196 So. 313.”
We agree with the conclusion reached by the able trial judge on that feature of the case. The wording of the ordinance, as to disposition and use of the proceeds of such taxes, as it appeared prior to the amendment thereof which was referred to in footnote #1, was not such as to authorize or indicate application of the proceeds of the taxes to benefit the municipalities as distinguished from the county or the unincorporated areas. It was there provided that the same should be used “for the purpose of financing public facilities and other capital improvements and expenses.” It would be unreasonable to construe that provision to authorize use of the funds for purposes other than for county purposes. It is assumed that public officials will act properly in the performance of their duties. In the absence of a showing that the county had made a practice of application of such funds to purposes other than for county purposes within the unincorporated area, the contrary is not to be presumed.
Affirmed.

. The ordinance provided: “All collected tax and penalties shall be deposited to the credit of the general fund of the county for the purpose of financing public facilities and other capital improvements and expenses.”
While not of effect in this case, it was noted in the judgment of the trial court that subsequent to the filing of the action the ordinance had been amended with respect to proceeds of the tax. By such amendment it is provided: “All collected tax and penalties shall be deposited to the credit of the general fund of the county to be expended for county purposes solely within the unincorporated area.”