269 So.2d 9 (1972)
STATE of Florida ex rel. VOLUSIA COUNTY, Relator,
v.
Fred O. Bud DICKINSON, Jr., Comptroller of the State of Florida, Winston W. Wynne, Director, State Beverage Department of the State of Florida, Respondents.
No. 42571.
Supreme Court of Florida.
November 1, 1972.
Rehearing Denied December 6, 1972.
*10 Warren O. Tiller, Volusia County Atty., and Wilson W. Wright, Tallahassee, for petitioner.
Larry Levy, Gen. Counsel, Tallahassee, for respondent Comptroller.
Herbert M. Klein, Miami, and Glenn Terry, Tallahassee, for respondent Dept. of Business Regulation.
ERVIN, Justice.
We have for consideration an alternative writ of mandamus issued on Petition of the Relator, Volusia County, a charter county under the State Constitution, directed to Respondents, the State Comptroller and the Director of the State Beverage Department.
The cause is at issue, answers having been filed to the writ. Briefs of the parties have been received and studied by us.
We have accepted jurisdiction because this cause clearly raises questions of constitutional construction and is an important public controversy, as will hereinafter appear. The pertinent question raised is as follows:
Did Volusia County, as a charter county, have the power in 1971 to levy an excise tax upon the sale of cigarettes in the unincorporated areas of the county and have said tax collected by the Director of the Department of Business Regulation and have the proceeds so collected returned to the County by the State Comptroller in accordance with the procedures under the provisions of Section 210.20(2) (c), F.S.?
Our answer to the question is in the affirmative.
Volusia County became a home rule charter government pursuant to the authority of Section 1(c), Article VIII, State Constitution, F.S.A., by the enactment of a special act of the Legislature establishing its county charter, Chapter 70-966, which was ratified by a referendum vote of the electors. In Section 202 thereof it is expressly provided the county shall have such municipal powers as may be required to fulfill the intent of the charter.
Respondents deny the Legislature by general law has expressly given charter counties similar authority as municipalities have been given to adopt a cigarette tax levy, relying upon City of Tampa v. Birdsong Motors, Inc., Fla., 261 So.2d 1. Birdsong Motors notes that under Section 9(a), Article VII, State Constitution, counties and municipalities may be authorized by general law to levy "other taxes" for their respective purposes.
When Section 1(g), Article VIII and Section 9(a), Article VII are read together, it will be noted that charter counties and municipalities are placed in the same category for all practical purposes. That upon a county becoming a charter county it automatically becomes a metropolitan *11 entity for self-government purposes. This is so because Section 1(g) of Article VIII provides a charter county "shall have all powers of local self-government not inconsistent with general law... . The governing body of a county operating under a charter may enact county ordinances not inconsistent with general law." This all inclusive language unquestionably vests in a charter county the authority to levy any tax not inconsistent with general or special law as is permitted municipalities.
Read together, Sections 9(a), Article VII and 1(g), Article VIII, clearly connote the principle that unless precluded by general or special law, a charter county may without more under authority of existing general law impose by ordinance any tax in the area of its tax jurisdiction a municipality may impose.
The issue here is quite analagous in principle to the one considered by us in State ex rel. Dade County v. Brautigam, Fla., 224 So.2d 688. There, specific constitutional home rule authority was found to be reposed in Dade County to adopt a cigarette tax levy to apply in the county's unincorporated area. The Dade County home rule amendment provided "Dade County may exercise all the powers conferred now or hereafter by general law upon municipalities." Section 6(f), Article VIII, State Constitution. As we have noted, similar authority is logically reposed in any county becoming a home rule charter county by the all-inclusive language of Article VIII of the 1968 Revised Constitution. Non-charter counties, on the other hand, shall only have the power of self-government as is provided by general or special law. Section 1(f), Article VIII, State Constitution.
The foregoing considered, it is ordered that peremptory writ issue directed to the Respondents granting the relief sought.
It is so ordered.
CARLTON, ADKINS, BOYD and DREW (Retired), JJ., concur.