286 So.2d 199 (1973)
C. Dana BURKE and Robert A. Dorn, Appellants,
v.
CHARLOTTE COUNTY, Florida, Appellee.
No. 43185.
Supreme Court of Florida.
November 28, 1973.
Julian D. Clarkson, Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants.
Elwood P. Safron, County Atty., for appellee.
BOYD, Justice.
This cause is before us on appeal from the Circuit Court, Charlotte County. The trial court, in its final judgment, construed Article VIII, Section 1(h), of the Constitution of the State of Florida, F.S.A.[1] giving this Court jurisdiction of the direct appeal under Article V, Section 3(b)(1), of the Constitution of the State of Florida, F.S.A.
The facts of this case are as follows:
Plaintiffs, appellants herein, are residents of the city of Punta Gorda in Charlotte County, Florida, who paid both city and county taxes assessed against their municipal property. They brought this action in the Charlotte County Circuit Court challenging the constitutionality of County Ordinance 71-6, which authorized the levy of an ad valorem tax upon their municipal property for the purpose of funding special improvements to non-municipal property.[2] They alleged that the county had, in fact, levied such a tax for the year 1971 under authority of the challenged ordinance. The constitutional ground asserted by the *200 complaint was that the Ordinance, as applied to municipal property, violated Article VIII, Section 1(h) of the Constitution of the State of Florida, F.S.A. After defendant County, appellee herein, answered, both parties moved for summary judgment, being in agreement that there remained no issue of material fact.
The Circuit Court held that plaintiffs had failed to show that improvements contemplated by the ordinance "would be exclusively for the benefit of county residents to the exclusion of city residents" and dismissed the complaint. Thereupon, plaintiffs perfected their appeal to this court.
The Order appealed from in the instant case reads, in part, as follows:
"1. There is no genuine issue as to any material fact on Plaintiffs allegations that Defendant's Ordinance No. 71-6 violates Section 1(h), Article VIII of the Florida Constitution insofar as it authorizes the levy of a tax against municipal property.
"2. Plaintiff, Robert A. Dorn, admitted in his deposition that good roads in the County would in some manner be of some benefit to himself and other residents of the City of Punta Gorda.
"3. That attempts to amend the provision of the Constitution and substitute the words `directly' and `primarily' for the word `exclusively' were defeated before the proposition was submitted to the people for approval showed the intent of the framers of this provision of the Constitution to give it a very narrow and confining interpretation. City of St. Petersburg v. Briley, Wild and Assoc., Inc., 239 So.2d 817 (Fla. 1970). To date, the St. Petersburg case is the only definite interpretation of this new Constitutional provision.
"The Plaintiffs have failed to show, therefore, that the improvements contemplated by the Ordinance would be such improvements that would be exclusively for the benefit of County residents to the exclusion of City residents... ."
Plaintiffs contend that County Ordinance 71-6 violates Section 1(h), Article VIII, of the Florida Constitution, F.S.A. under either of two theories. First, plaintiffs contend that the authorized improvements would not substantially benefit city property. Secondly, plaintiffs contend that city taxes should not be used as a loan fund for residents of unincorporated areas.
Defendant County argues that the sole question for determination is the relationship of County Ordinance 71-6 to Article VIII, Section 1(h), of the Florida Constitution, F.S.A., a question which can be answered by determining what is proscribed by the language "exclusively for the benefit of the property and residents in unincorporated areas." It is Defendant's position that said Ordinance does not violate any provisions of the Florida Constitution under either of the theories propounded by the Plaintiffs. We agree.
As the trial judge correctly noted, the result in this case is controlled by our prior decision in City of St. Petersburg v. Briley, Wild & Assoc., Inc., supra. In that case, we held that the benefit to be received by the city and its residents from the construction of a sewerage treatment plant, with the accompanying reduction in pollution from open sewerage discharge, was a sufficient benefit, to authorize the use of countywide levied tax monies to finance a sanitary sewerage treatment facility to be constructed in the county, within the meaning of the constitutional proscription against taxation of municipally situated property by the county for services rendered the county where no real or substantial benefit acrues to the city property, notwithstanding the fact that the larger municipalities of the county would not actually use the facilities.
The ordinance under attack authorizes the levy of a tax against municipal property to "provide for the construction, reconstruction, *201 repair, paving, repaving, hard surfacing and re-hard surfacing of roads ... in any area in said County which is not within the limits of any municipality... ." As noted by the trial judge, one of the plaintiffs "admitted in his deposition that good roads in the County would in some manner be of some benefit to himself and other residents of the City of Punta Gorda." In view of this and other evidence in the record, we are of the opinion that the benefits, actual and potential, to be derived by the municipal residents in the instant case are at least as great as those derived by the municipal residents in Briley. Based upon our prior authority, therefore, we must hold that County Ordinance 71-6 does not contravene the provisions of Article VIII, Section 1(h) of the Constitution of the State of Florida, F.S.A.
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
CARLTON, C.J., and ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.
NOTES
[1] Said Section provides:

"Property situate within municipalities shall not be subject to taxation for services rendered by the county exclusively for the benefit of the property or residents in unincorporated areas."
[2] Said Ordinance provides, in part:

"The Board of County Commissioners of Charlotte County may provide for the construction, reconstruction, repair, paving, repaving, hard surfacing and re-hard surfacing of roads, curbs, gutters, drainage facilities, walkways and to make improvements on any canals and other waterways, in any area in said County which is not within the limits of any municipality, and provide for the payment of all or any part of the cost of any such improvement by levying and collecting special assessments from the abutting, adjoining, contiguous or other specially benefited property."