QUESTIONS: 1. Is Ordinance Number 73-21 enacted by the County Council of Volusia County and providing, inter alia, for the creation of a municipal services district in the unincorporated areas of Volusia County legally valid? 2. If so, would those affected by this municipal service district have the right to insist that all secondary road fund taxes collected within such district must be expended for taxpayer benefits within said district?
SUMMARY: An ordinance, enacted by a county with a home rule charter government and in accordance with the authority of that charter, providing for the creation of municipal service districts and ad valorem taxation therein for municipal purposes or services within the limits fixed for municipal purposes (ten mills) is valid. The county council has the authority to decide where and for what use secondary road fund tax moneys, if not otherwise controlled by constitutional and statutory direction, should be spent, absent any showing that the unincorporated area will not benefit from the expenditure of those receipts. Before responding to your question, I must limit this opinion by noting that it is impossible to determine all possible questions which might arise regarding the validity of the ordinance. With that caveat, your first question is answered in the affirmative. Your second question is answered as follows. Volusia County became a home rule charter government pursuant to the authority of Art. VIII, s. 1(c), State Const., by the enactment of a special act of the legislature establishing its county charter, Ch. 70-966, Laws of Florida, which was ratified by a referendum vote of the electors. Article II, s. 202(1) of the Volusia County Charter provides that: The county shall have all necessary powers to accomplish municipal purposes within special districts. Property situated within municipalities shall not be subject to taxation for services rendered by the county exclusively for the benefit of the property or residents not within municipal boundaries, nor shall property situated in the county be subject to taxation for services provided by the county exclusively for the benefit of the property or residents within municipal boundaries. To this end, the county council, hereafter referred to as the council, may by ordinance create districts for the purpose of levying ad valorem taxes and special assessments to pay for the furnishing of municipal services, and the tax imposed shall be within the limits of millage set for municipal purposes. Should such services be furnished within a municipality, the total millage levied by the municipality and the county district levy for this municipal purpose shall not exceed the maximum millage set by law for municipal purposes. Pursuant to this authority, the Volusia County Council enacted Ordinance No. 73-21, which provides, in relevant portion: SECTION I: CREATION OF DISTRICT AND BOUNDARIES That the unincorporated area of Volusia County, Florida is hereby declared to be a Municipal Service District and boundaries of said District shall be coincident with those boundaries defining all of the unincorporated areas of Volusia County, Florida. SECTION II: POWER OF TAXATION AND ASSESSMENT That the County Council of Volusia County, Florida in the exercise of the authority granted by Section 202(1) of the Volusia County Charter and the Constitution of the State of Florida, shall have the power to levy ad valorem taxes not exceeding ten mills and such other forms of taxation as may be legal, for the provision of municipal services in said Municipal Services District. SECTION III: TYPES OF SERVICES The types of municipal services to which this ordinance shall apply shall include, but not necessarily be limited to the following: 1. Maintenance, re-surfacing and construction of nonarterial roads in unincorporated areas. 2. Municipal-type police patrol and service. 3. Water supply and distribution. 4. Sewerage collection and treatment. 5. Solid waste collection. 6. Fire protection. 7. Recreation programs and facilities. 8. Non-arterial street lighting. 9. Local storm drainage. 10. Such other services as are ordinarily considered to be municipal services. SECTION IV: SPECIAL SUB-DISTRICTS PERMITTED The County Council may create within the Municipal Service District, sub-Districts to provide municipal-type services to designated areas and shall have the power within such designated areas and such sub-Districts to levy special taxes to provide the desired services; nothing herein, however, shall preclude the County Council from establishing Special Improvement Districts in conformance with Ordinance No. 72-20. It would appear, therefore, that the ordinance does not exceed the authority set out in Art. II, s. 202(1) of the Volusia County Charter to create municipal service districts and for the levying of ad valorem taxes and special assessments to pay for the furnishing of municipal services in those districts. Nor does it appear that either the county charter or the ordinance exceeds the power granted to the county by the Florida Constitution. Article VII, s. 9(b), State Const., provides in part: "A county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes." The ordinance in question would seem to effect the exact authority granted by this section. In addition, it would further appear that the county could, pursuant to the charter, levy any taxes which a municipality could levy. See State ex rel. Volusia County v. Dickinson, 269 So.2d 9 (Fla. 1972); see also Bearden v. Metropolitan Dade County, 258 So.2d 344 (3 D.C.A. Fla., 1972). As previously noted, the millage set by the ordinance is properly within that for municipal purposes or services pursuant to Art. VII, s. 9(b), State Const., and is therefore properly levied without a vote of the electors. (Contrast AGO 072-162 with regard to an ad valorem tax levy imposed without a vote of the electors by a noncharter county within an area or special purpose district delineated by specific description.) As to your second question, we are unable to give a definite answer, lacking any facts to indicate proposed action by the county on the secondary road fund tax moneys to be distributed. The county council has the authority to decide where and for what use such tax receipts, as and when received by the county and if unburdened by constitutional and statutory requirements as to the use and disbursement thereof, should be spent, and the mere fact that some taxpayers may not personally benefit is immaterial, absent a showing that the unincorporated area will not benefit from the expenditure of the receipts. Bearden v. Metropolitan Dade County, supra. Therefore, absent some specific proposed use being set out, the question of expenditure, if not otherwise controlled by constitutional and statutory direction, is one to be resolved by the County Council of Volusia County, rather than this office.