QUESTION: Is Volusia County, a charter county pursuant to Art. VIII, s. 1(c) and (g), State Const., entitled to a return under s.206.625(1), F.S., of gasoline and special fuel taxes paid by Volusia County?
SUMMARY: Volusia County, having the power to exercise municipal functions in unincorporated areas of the county and in municipalities within the county where so requested by the municipality, is a "municipality" for purposes of the levying, collection, and receipt of taxes, inter alia, within the unincorporated area of the county subject to the charter provisions, and therefore is entitled to a return under s.206.625(1), F.S., of gas taxes paid pursuant to ss. 206.41 and206.60, F.S., by the county on gasoline used in a motor vehicle operated by the county for municipal purposes. Your question is answered in the affirmative, within the limits set out below. Section 206.625(1), F.S., provides that: (1) Those portions of the first gas tax, imposed by s. 206.41, and the additional gas tax, imposed by s. 206.60, which result from the collection of such taxes paid by a municipality on gasoline for use in a motor vehicle operated by it shall be returned to the governing body of each such municipality for the construction, reconstruction, and maintenance of roads and streets within the municipality. Volusia County became a home rule charter government pursuant to the authority of Art. VIII, s. 1(c), State Const., by the enactment of a special act of the legislature establishing its county charter, Ch. 70-966, Laws of Florida, which was ratified by a referendum vote of the electors. That charter provides, inter alia, that "[t]he county . . . shall have such additional . . . municipal powers as may be required to fulfill the intent of [the] Charter." Article II, s. 202, Home Rule Charter of Volusia County. This includes the power to levy any taxes which a municipality could levy to provide for municipal services. See AGO 074-145. See also State ex rel. Volusia County v. Dickinson, 269 So.2d 9 (Fla. 1972); Bearden v. Metropolitan Dade County, 258 So.2d 344 (3 D.C.A. Fla., 1972); Art. VII, s. 9(b), State Const. It may be that even without a specific charter grant, Volusia County, a charter county, has all of the power of a municipality. As noted by Justice Ervin in State ex rel. Volusia County v. Dickinson, supra, at p. 11: The issue here is quite analogous in principle to the one considered by us in State ex rel. Dade County v. Brautigam, Fla., 224 So.2d 688. There, specific constitutional home rule authority was found to be reposed in Dade County to adopt a cigarette tax levy to apply in the county's unincorporated area. The Dade County home rule amendment provided "Dade County may exercise all the powers conferred now or hereafter by general law upon municipalities." Section 6(f), Article VIII, State Constitution. As we have noted, similar authority is logically reposed in any county becoming a home rule charter county by the all-inclusive language of Article VIII of the 1968 Revised Constitution. Non-charter counties, on the other hand, shall only have the power of self-government as is provided by general or special law. Section 1(f), Article VIII, State Constitution. (Emphasis supplied.) The court having equated the municipal powers of charter counties such as Volusia with those which have been determined by the courts to repose in Dade County, it would appear that Volusia County is a municipality for the purpose of the levying, collecting, and receiving of taxes as a municipality within the unincorporated area of the county subject to the charter provisions. In State v. Dade County, 127 So.2d 881 (Fla. 1961), the Supreme Court held that Dade County, by virtue of the home rule amendment and charter, had the powers granted municipalities to borrow money under Ch. 184, F.S., even though the relevant statute appeared on its face to grant powers only to municipalities. Also, in State ex rel. Dade County v. Brautigam,224 So.2d 688 (Fla. 1969), the Supreme Court held that Dade County is included in the class described as "all municipalities," in Ch.210, F.S., relating to powers conferred by general law upon municipalities. In that case, the court stated at 224 So.2d, supra, at pp. 692 and 693: Prior to the adoption of Fla. Const., 1968, serious questions had arisen as to whether the taxing power of Dade County should be the same as any other Florida county even though the county performed municipal functions in the unincorporated area. The obvious purpose of s. 6(f), Art. VIII, Fla. Const., 1968, was to lay this question at rest so that the municipal functions performed by Dade County in the unincorporated area could be adequately financed.[4] One of the serious limitations under the Dade County Home Rule Amendment was the inequity between the taxing powers of the county in unincorporated areas and the taxing powers of existing municipalities. The county could be called upon to provide more and more municipal type services in unincorporated area, yet would have no more taxing power than a small rural county. In recognition of this inequity in the tax structure, Art. VIII, s. 6(f), must necessarily grant to the county the same power to levy and collect taxes as municipalities. This construction of the Constitution removes the existing inequity and gives the county the revenue necessary to meet the increasing demands for services. [5-7] The cigarette tax is not a state tax but a local municipal tax, State v. City of Key West, 97 So.2d 615, 616 (Fla. 1957). No state appropriation is necessary for this disbursement of a municipal tax. Dade County is included in the class described as "all municipalities" in statutes relating to "the powers conferred now or hereafter by general law upon municipalities." The extension of this analysis to all charter counties by virtue of Art. VIII, State Const., through the interpretation in State ex rel. Volusia County v. Dickinson, supra, would appear to make it clear that the Volusia County government is a "municipality" for the purpose of the return pursuant to s. 206.625(1), F.S., of those portions of the first gas tax imposed by s. 206.41, F.S., and the additional gas tax imposed by s. 206.60, F.S., paid by the county for use in its vehicles, to the extent those vehicles are used for municipal functions in the unincorporated areas of the county and in the municipalities within the county where so requested by the municipality pursuant to s. 202.1, of the home rule charter of Volusia County. Cf., AGO's 072-186 and 074-342.