RAWLS, Judge.
By its amended complaint seeking injunc-tive relief, Hudson Pulp & Paper Corp. (Hudson) challenged the constitutionality of Volusia County (county) Ordinance 73-21[1] which established a Municipal Service District composed of the unincorporated area of Volusia County and provided for the levy of ad valorem taxes of not more than ten *45 mills. The trial court dismissed Hudson’s complaint upon the ground that it failed to state a cause of action.
Hudson’s primary challenge to the subject ordinance’s constitutionality is founded upon the theory that its property (23,000 acres) is of rural character, used for forestry purposes, and is so situated that it cannot receive the benefits of municipal services. Hudson then reasons that the ordinance is invalid and void in that it violates Article I, Sections 2 and 9, and Article VII, Section 9(b), of the Florida Constitution, and the Fifth and Fourteenth Amendments of the Federal Constitution.
The basic charter of this state adopted in 1968 drastically altered the structure of our local governments. As stated in State ex rel. Volusia County v. Dickinson, 269 So.2d 9 (Fla.1972):
“When Section 1(g), Article VIII and Section 9(a), Article VII are read together, it will be noted that charter counties and municipalities are placed in the same category for all practical purposes. That upon a county becoming a charter county it automatically becomes a metropolitan entity for self-government purposes. This is so because Section 1(g) of Article VIII provides a charter county ‘shall have all powers of local self-government not inconsistent with general law. . The governing body of a county operating under a charter may enact county ordinances not inconsistent with general law.’ This all inclusive language unquestionably vests in a charter county the authority to levy any tax not inconsistent with general or special law as is permitted municipalities.”
Volusia County is a charter county[2] with all necessary powers to accomplish municipal services within special districts. The challenged ordinance was enacted by the county’s governing body. Services being provided in the special district created (garbage collection, water supply and distribution, fire protection, etc.) are those which a “metropolitan entity” has traditionally required.
We hold that Volusia County, by the authority of the applicable provisions of the 1968 Florida Constitution and its charter authority adopted pursuant thereto, validly enacted the challenged ordinance; thus, the trial court was correct in dismissing the amended complaint.
AFFIRMED.
BOYER, C. J., and McCORD, J., concur.

. Section III of Ordinance 73-21 entitled “TYPES OF SERVICES” provides:
“The types of municipal services to which this ordinance shall apply shall include, but not necessarily be limited to, the following:
*45 1. Maintenance, re-surfacing and construction of non-arterial roads in unincorporated areas.
2. Municipal-type police patrol and service.
3. Water supply and distribution.
4. Sewerage collection and treatment.
5. Solid waste collection.
6. Fire protection.
7. Recreation programs and facilities.
8. Non-arterial street lighting.
9. Local storm drainage.
10. Such other services as are ordinarily considered to be municipal services.”

. Chapter 70-966, Laws of Florida.