645 So.2d 411 (1994)
Johnie A. McLEOD, Appellant,
v.
ORANGE COUNTY, Florida, et al., Appellees.
No. 82443.
Supreme Court of Florida.
October 20, 1994.
Rehearing Denied December 6, 1994.
*412 Johnie A. McLeod and James S. Curry of McLeod, McLeod & McLeod, P.A., Apopka, for appellant.
Thomas J. Wilkes, Orange County Atty., Orlando, and Robert L. Nabors of Nabors, Giblin & Nickerson, P.A., Tallahassee, for appellee.
William J. Roberts, General Counsel, Florida Ass'n of Counties, Inc., Tallahassee, Susan H. Churuti, Pinellas County Atty., President, Florida Ass'n of County Attys., Inc., Clearwater, Mary A. Marshall, Alachua County Atty., Gainesville, Robert Ginsburg, Dade County Atty., Miami, Joe H. Mount, Palm Beach County Atty., West Palm Beach, Robert A. McMillan, Seminole County Atty., Sanford, and Daniel D. Eckert, Volusia County Atty., DeLand, amici curiae.
PER CURIAM.
By notice of appeal, we have for review Orange County v. State, No. 93-1371 (Fla. 9th Cir.Ct. June 8, 1993), in which the circuit court validated a proposed bond issue by Orange County. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.; § 75.08, Fla. Stat. (1993).
In August of 1991, Orange County, a charter county, adopted Orange County Ordinance 91-17 (August 6, 1991) pursuant to section 166.231, Florida Statutes (1991), and the Orange County Charter. The ordinance levied a public service tax on the purchase of electricity, metered or bottled gas, water service, fuel oil, and telecommunication services within the unincorporated area of Orange County. In November of 1992, the county adopted Orange County Ordinance 92-35 (November 10, 1992), Orange County Ordinance 92-B-10 (November 10, 1992), and Orange County Ordinance 92-B-11 (November 10, 1992), which supplemented Ordinance 92-B-10. Ordinance 92-35 authorized the financing of Orange County capital projects through public service tax revenue bonds, payable from a public service tax. In its final judgment, the circuit court found that Ordinances 92-B-10 and 92-B-11 authorized the issuance of Orange County Public Service Tax Revenue Bonds, Series 1992:
(a) to pay all or a part of the "Cost" of any "Project" or "Projects" (as such terms are defined in the Bond Resolution), including all appurtenant facilities, without limitation as to the location of such Project or Projects within the County, and with the first Project to be the acquisition of various parcels of environmentally-sensitive land (the "Initial Project"), ..., (b) to capitalize interest on the Bonds, (c) to fund a debt service reserve account, if necessary, and (d) to pay costs associated with the issuance of the Bonds.
The circuit court validated the bonds and confirmed the three ordinances.
McLeod, a resident of and property owner in the unincorporated section of the county, *413 challenges the public service tax and asserts that absent a general law empowering it to do so, Orange County as a charter county is without the power or authority to enact a public service tax pursuant to section 166.231, Florida Statutes (1991).[1] We disagree. Article VII, section 9(a), and article VIII, section 1(g) of the Florida Constitution give a charter county the right to impose a public service tax if the imposition is not inconsistent with general or special laws.
We find the logic employed in State ex rel. Volusia County v. Dickinson, 269 So.2d 9 (Fla. 1972), apropos to the resolution of this case.[2] The crux of the Volusia holding is that "unless precluded by general or special law, a charter county may without more under authority of existing general law impose by ordinance any tax in the area of its tax jurisdiction a municipality may impose." 269 So.2d at 11. This conclusion was dictated by our reading of articles VII and VIII of the Florida Constitution. Article VII, section 9(a) provides that:
(a) Counties, school districts, and municipalities shall ... be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.
Article VIII, section 1(g) provides that:
(g) CHARTER GOVERNMENT. Counties operating under county charters shall have all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors. The governing body of a county operating under a charter may enact county ordinances not inconsistent with general law.
Read together, the articles give charter counties the authority to levy any tax that a municipality may impose, if it is within the county's taxing jurisdiction. 269 So.2d at 11. This would include a public service tax pursuant to section 166.231.
We now address appellant's contention that the tax favors residents of incorporated areas of Orange County, in violation of article VIII, section 1(h) of the Florida Constitution.[3] This section has been interpreted as a prohibition upon the county's ability to tax property that is located within a municipality if the proceeds from the tax are to be used in a manner that does not bestow upon the taxed property a real and substantial benefit. City of St. Petersburg v. Briley, Wild, & Assoc., Inc., 239 So.2d 817, 823 (Fla. 1970); see also Town of Palm Beach v. Palm Beach County, 460 So.2d 879 (Fla. 1984). By analogy, McLeod argues that the public service tax is illegal unless it is determined that it will provide a real and substantial benefit to the unincorporated areas of Orange County. However, article VIII, section 1(h) only prohibits the taxing of property within municipalities for services exclusively for the benefit of unincorporated areas. There is no comparable constitutional prohibition against taxing property in unincorporated areas exclusively for the benefit of municipalities. Furthermore, even if article VIII, section 1(h) could be read to apply to converse circumstances, the provision only pertains to a tax on property, whereas the subject lawsuit involves an excise tax upon specified purchases.
While the location of all of the projects to be financed through the bond issue is not specified, the county's ordinances contemplate *414 that some of them will be located in the unincorporated areas, and those projects located solely within municipalities are likely to provide some benefit to unincorporated areas. However, even if all of the projects are located within municipalities and confer no benefit to the unincorporated areas, this Court cannot create a constitutional prohibition when none exists.
Furthermore, this tax is essentially the same as the one imposed on the sale of cigarettes in unincorporated areas of Volusia County which this Court approved in State ex rel. Volusia County v. Dickinson, 269 So.2d 9 (Fla. 1972). While we did not expressly address an argument based on article VIII, section 1(h), it would be unfair to the several counties which have reasonably relied upon that opinion to enact similar taxes to suddenly declare them illegal.
Appellant also asserts that Orange County should have enacted Ordinance 91-17 pursuant to procedures established in section 166.041, Florida Statutes (1991), and not pursuant to section 125.66(1), Florida Statutes (1991). We disagree. Section 166.041 enumerates the procedures a municipality must follow when enacting an ordinance. Section 125.66(1) enumerates the procedures a county must follow when enacting an ordinance. Section 125.66(1) specifically states that "in exercising the ordinance-making powers conferred by s. 1, Art. VIII of the State Constitution, counties shall adhere to the procedures prescribed herein." We find that the County properly enacted the ordinance pursuant to procedures established in section 125.66(1).
We do find that the order to show cause did not comply with the circuit court's administrative order, but have concluded that the error was harmless in this case. On April 15, 1993, the Chief Judge of the Ninth Judicial Circuit entered an administrative order which required that all communications noticing court proceedings contain a provision that informed disabled persons who they should contact if special provisions were needed. This provision of the judge's order was not complied with, but appellant has not shown nor have we found any harm caused by the failure strictly to follow the administrative order.
We affirm the final judgment validating the proposed bond issue.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] The statute reads, in part:

(1)(a) A municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), and water service... .
... .
(2) ... [F]uel oil shall be taxed at a rate not to exceed 4 cents per gallon.
... .
(9) A municipality may levy a tax on the purchase of telecommunication services
... .
[2] In Volusia, we held that charter counties may levy an excise tax on the sale of cigarettes in unincorporated areas of the county.
[3] The section reads:

(h) TAXES; LIMITATION. Property situate within municipalities shall not be subject to taxation for services rendered by the county exclusively for the benefit of the property or residents in unincorporated areas.
Art. VIII, § 1(h), Fla. Const.