819 So.2d 876 (2002)
PALM BEACH COUNTY, Florida, Appellant,
v.
BELLSOUTH TELECOMMUNICATIONS, INC., Appellee.
No. 4D01-1574.
District Court of Appeal of Florida, Fourth District.
June 5, 2002.
Rehearing Denied July 8, 2002.
Leonard Berger, Assistant County Attorney, West Palm Beach, for appellant.
John R. Hargrove of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, and Dorian S. Denburg of Bellsouth Telcommunications, Inc., Atlanta, Georgia, for appellee.
MAY, J.
When is a charter county like a municipality? The answer is: when it assesses a fee, pursuant to section 337.401(3), Florida Statutes (1999). We therefore reverse the summary judgment in favor of BellSouth Telecommunications, Inc.
Palm Beach County is a charter county. On February 15, 2000, it adopted Ordinance 2000-009, which provides:
In connection with a Local Service Provider's occupancy and use of certain Public Right Of Way, the Local Service Provider agrees to pay 1% of the gross receipts on recurring local service revenues for services provided within the unincorporated area of Palm Beach County.
The ordinance was passed to implement section 337.401(3), Florida Statutes (1999). That statute provided:
If any municipality requires any telecommunications company to pay a fee or other consideration as a condition for granting permission to occupy municipal streets and rights-of-way for poles, wires, and other fixtures, such fee or consideration may not exceed 1 percent of the gross receipts on recurring local service revenues or services provided within the corporate limits of the municipality by such telecommunications company. Included within such 1-percent maximum fee or consideration are all taxes, licenses, fees, in-kind contributions accepted pursuant to subsection (5), and other impositions except ad valorem taxes and amounts for assessments for special benefits, such as sidewalks, street pavings, and similar improvements, and occupational license taxes levied or imposed by a *877 municipality upon the telecommunications company. This subsection shall not impair any franchise in existence on July 1, 1985.
BellSouth filed a two-count complaint against Palm Beach County seeking declaratory relief in Count I and for relief pursuant to 42 U.S.C. § 1983, for alleged violation of the Telecommunications Act of 1996, 47 U.S.C. §§ 151 et. seq., and for impairment of several constitutionally protected rights in Count II. BellSouth moved for summary judgment on Count I and dismissed Count II while awaiting the trial court's ruling on the motion. BellSouth argued and the trial court found that
PALM BEACH COUNTY has no legal right to charge an occupancy fee to BELLSOUTH for the use of rights-of-way in and within the County's boundaries. While PALM BEACH COUNTY is a "charter county" having "municipal authority" it is not entitled to charge the occupancy or use fee which only a municipality can charge under Florida Statutes § 337.401(3).
The trial court then entered a final judgment declaring the Palm Beach County ordinance invalid, void and unenforceable. From this judgment, Palm Beach County appeals.
The standard for review of this judgment is de novo, as the appeal is restricted to issues of law. Lowe v. Broward County, 766 So.2d 1199 (Fla. 4th DCA 2000). The question now to be answered is whether the term "municipality," as used in section 337.401(3), Florida Statutes (1999), encompasses charter counties. We hold that it does.
Prior to 1999, the 1998 version of the statute used the term "municipal authority" instead of "municipality" in the first line of the sentence. BellSouth argues that this change in wording in 1999 clearly limited the statute's application to cities, excluding charter counties. However, case law has long held that charter counties are akin to municipalities and have the same powers and authority to implement ordinances as municipalities unless an intention to exclude them is plainly discernable. McLeod v. Orange County, 645 So.2d 411 (Fla.1994); State v. Broward County, 468 So.2d 965 (Fla.1985); State ex rel. Volusia County v. Dickinson, 269 So.2d 9 (Fla. 1972).
When section 1(g), Article VIII and Section 9(a), Article VII are read together, it will be noted that charter counties and municipalities are placed in the same category for all practical purposes. That upon a county becoming a charter county it automatically becomes a metropolitan entity for self-government purposes.
Volusia County, 269 So.2d at 10-11. The court held that when read together, these sections "clearly connote the principle that unless precluded by general or special law, a charter county may without more under authority of existing general law impose by ordinance any tax in the area of its tax jurisdiction a municipality may impose." Id. at 11.
In State v. Broward County, the supreme court reviewed a judgment, which had validated resource recovery revenue bonds under section 166 of the Florida Statutes. The section provided: "The governing body of every municipality" may borrow money and issue bonds to finance capital projects permitted by the constitution. The court "broadly interpreted the self-governing powers granted charter counties under article VIII, section 1(g) of the Florida Constitution" and affirmed the judgment in favor of the county. 468 So.2d at 969.
In McLeod v. Orange County, the supreme court encountered another bond issue *878 in which a charter county adopted an ordinance that levied a public service tax on telecommunications services within the unincorporated areas of the county. The circuit court validated the bonds. The supreme court affirmed, relying on Volusia County.
Thus, our supreme court has consistently found the term "municipality" to include "charter county" unless the statute under review draws a clear distinction between the two or expresses an intent to exclude charter counties from its purview.
BellSouth also raised the issue of preemption. However, it has cited no express preemption provision and has not demonstrated implied preemption. Furthermore, the Eleventh Circuit Court of Appeals has expressly found that Section 337.401, Florida Statutes, provides for valid exercises of local authority under Florida law. BellSouth Telecomm., Inc. v. Town of Palm Beach, 252 F.3d 1169 (11th Cir.2001).
We therefore hold that Palm Beach County's ordinance is neither expressly nor impliedly preempted by state or federal law. The ordinance is a valid exercise of Palm Beach County's right of self-government, which is authorized by Section 337.401(3)(c)1, Florida Statutes (1999). The summary judgment in favor of BellSouth is reversed.
WARNER and KLEIN, JJ., concur.