PER CURIAM.
Broward County appeals from a trial court order declaring Broward County’s Telecommunications Ordinance invalid because it imposes an annual fee on telecommunications companies using- county rights-of-way. The trial court ruled that Broward County lacks the statutory authority given to municipalities to impose the fee. We reverse on the authority of Palm Beach County v. BellSouth Telecommunications, Inc., 819 So.2d 876 (Fla. 4th DCA2002).
Broward County enacted its Telecommunications Ordinance, Ordinance 1999-48 on September 7, 1999, effective September 13, 1999. The ordinance, among other things, requires telecommunications companies to apply for a license to operate in county rights-of-way and regulates the use of those rights-of-way.[1] At issue in this appeal are ordinance provisions which require telecommunications companies using county rights-of-way to pay an annual occupancy fee.[2] The fee is based on a county resolution enacted separately, by the County Commission. The resolution sets forth a fee schedule, based on a per linear foot charge.
Appellee, BellSouth Telecommunications, Inc. (“BellSouth”), is a telecommunications company that uses county rights-of-way. BellSouth filed a complaint challenging the county’s authority to charge it an annual occupancy fee. It sought declaratory and injunctive relief, alleging that the ordinance: a) is preempted under state law; b) is preempted under federal law; c) violates the contract and due process clauses of both the United States and Florida Constitutions; d) imposes an illegal fee which the county has no power to assess; and e) places an illegal restraint on interstate commerce. BellSouth later amended its complaint to add a cause of action, for damages under 42 U.S.C. § 1983.
Broward County filed a motion for summary judgment on all claims. Bell-South . moved for partial summary judgment as to its claims for declaratory and injunctive relief. After a hearing on both motions, the trial court denied the county’s summary judgment motion and granted BellSouth’s motion for partial summary judgment. The court determined that Broward County did not have the authority to impose the annual occupancy fee under state law. The court first examined section 364.01(2), Florida Statutes (1999), which reads:
It is the legislative intent to give exclusive jurisdiction in all matters set forth in this chapter to the Florida Public Service Commission in regulating telecommunications companies, and such preemption shall supersede any local or special act or municipal charter where any conflict of authority may exist. *1003 However, the provisions of this chapter shall not affect the authority and powers granted in s. 166.231(9) or s. 337.401.
The court then noted that section 337.401, Florida Statutes (1999), which concerns use of rights-of-way for utilities, allows a municipality to impose an occupancy fee on the use of its rights-of-way. Reasoning that the legislature had not given authority to a county to impose such a fee, the trial court concluded that Broward County lacked such authority. It also found that under state law, the county is preempted from imposing such a fee. Upon finding the county’s annual occupancy fee invalid, the trial court declared the entire ordinance void and unenforceable.
Broward County argues that because it is a charter county it is vested with municipal powers. It thus has authority to charge telecommunications companies for use of their rights-of-way and such authority was not preempted by state law. We agree. See Palm Beach County, 819 So.2d at 877-78 (holding that a charter county may assess a fee pursuant to. Florida Statute Section 337.401(3) and is not expressly or impliedly preempted by federal or state law).
Based on the foregoing, we reverse the trial court’s final summary judgment in favor of BellSouth. We remand to the trial court for consideration of the remaining issues, if any.
REVERSED.
TAYLOR, J., OWEN, WILLIAM C., JR., and DELL, JOHN W., Senior Judges, concur.

. The ordinance also charges the licensees with ensuring the safety, functioning and appearance of the rights of way they occupy; and ensuring that the convenience and safety of other users of the same rights of way will not be adversely affected by installation, construction or removal of any telecommunication facility. In addition, the ordinance contains provisions regarding the location and relocating of telecommunication facilities on county rights of way. It provides that licensees will be responsible for damages caused by installation, construction, operation or removal of telecommunication facilities, and for indemnification of the county for liability arising out of licensees' activity on the rights of way. It also requires the licensees to maintain insurance.

. Section 1.08 of the Ordinance explains that the fee is to compensate the county for the use of its property as well as for expenses arising out of that use, the regulation of that use, and the cost of acquiring, constructing and maintaining the right of way areas.