TAYLOR, J.
Appellants, Stork and Hyams, brought this class action against BellSouth Corporation, Bell South Telecommunications, Inc. (collectively “BellSouth”), and Palm Beach County claiming that the defendants collected excessive public service taxes on their telephone service.[1] We affirm the trial court’s dismissal of their complaint for failure to exhaust administrative remedies, as required by section 166.235(2), Florida Statutes (1999).
Section 166.235(2) states:
*1099 This section provides the sole and exclusive procedure and remedy for a purchaser who claims that a seller has collected municipal public service taxes that were not due. No action arising as a result of the claimed collection of municipal public service taxes that were not due may be commenced or maintained by or on behalf of a purchaser against a seller or municipality unless the purchaser pleads and proves that he or she has exhausted the procedures in subsection (1) and that the defendant has failed to comply with said subsection....
Appellants argue that because section 166.235 specifically refers to municipalities, it does not apply to counties.[2] We disagree. Under the Florida Constitution charter counties are deemed to be equivalent to municipalities. As such, the public service tax regulatory scheme applies equally to both municipalities and charter counties.
In Palm Beach County v. BellSouth Telecommunications, Inc., 819 So.2d 876 (Fla. 4th DCA 2002), we recently addressed the constitutional authority of a charter county to impose fees where general law provides municipalities with such authority. We stated:
[C]ase law has long held that charter counties are akin to municipalities and have the same powers and authority to implement ordinances as municipalities unless an intention to exclude them is plainly discernable. McLeod v. Orange County, 645 So.2d 411 (Fla.1994); State v. Broward County, 468 So .2d 965 (Fla.1985); State ex rel. Volusia County v. Dickinson, 269 So.2d 9 (Fla.1972).
When section 1(g), Article VIII and Section 9(a), Article YII are read together, it will be noted that charter counties and municipalities are placed in the same category for all practical purposes. That upon a county becoming a charter county it automatically becomes a metropolitan entity for self-government purposes.
Volusia County, 269 So.2d at 10-11. The court held that when read together, these sections “clearly connote the principle that unless precluded by general or special law, a charter county may without more under authority of existing general law impose by ordinance any tax in the area of its tax jurisdiction a municipality may impose.” Id. at 11.
819 So.2d at 877.
Appellants contend that, while counties may have the same power to tax as municipalities, counties need not follow the same rules as municipalities in requiring taxpayers to pursue administrative remedies. We reject this argument. The section 166.235 administrative remedy is an integral component of the statute conferring authority to levy the public service tax. Because municipalities and counties “are placed in the same category for all practical purposes,” it is unreasonable to interpret the statute as conferring on the county the same power to tax that a municipality is given, without similarly affording counties administrative procedures for resolving tax issues.
Accordingly, we affirm the trial court’s dismissal of plaintiffs’ complaint.
AFFIRMED.
GUNTHER and KLEIN, JJ., concur.

. Section 17-223 of the Palm Beach County Code permits a tax of seven percent (7%) of the total amount billed for such telecommunications service to a customer’s billing address located within the unincorporated area of the county. Section 17-229 of the Code requires that the amount of the public service tax be stated separately from other governmental charges and shall not be levied on such taxes and charges. Plaintiffs argued that BellSouth collected the 7% tax on amounts that included governmental charges and taxes (a tax upon a tax), in violation of the ordinance.

. All parties agree that effective October 1, 2001, sections 166.231 et seq. were amended and the tax no longer applies to telecommunications services. Effective that date, section 202.19, Florida Statutes, governs local imposition of communications service taxes of both counties and municipalities.