Ms. Denise Nieman Palm Beach County Attorney Post Office Box 1989 West Palm Beach, Florida 33402-1989
Dear Ms. Nieman:
On behalf of the Palm Beach County Board of County Commissioners, you ask the following question:
Does section 166.231(4)(a), Florida Statutes, provide an exemption from the public service tax imposed by a charter county on the retail sale of bottled natural liquefied petroleum gas used to power forklifts?
According to your letter, the county's internal auditor recently conducted an audit of the retail sales of natural gas within the county. Some sellers of natural gas asserted that the sales of bottled natural liquefied petroleum gas used to power forklifts were exempt from the county's public service tax adopted pursuant to section 166.231, Florida Statutes. You state that the sellers, in claiming such an exemption, relied on the provisions of section 166.231(4)(a), Florida Statutes.
Section 166.231, Florida Statutes, authorizes a municipality to levy a tax on the purchase of electricity, metered natural gas, natural liquefied petroleum gas either metered or bottled, manufactured gas either metered or bottled, and water service.[1] The tax may be levied only upon purchases within the municipality and may not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service.[2] As a charter county, Palm Beach County may levy any tax that a municipality may impose, including the public service tax.[3] You have advised this office that the county's public service tax on bottled natural liquefied petroleum gas retail sales in the county's unincorporated areas is contained in Chapter 17, Article VI, of the Palm Beach County Code.
Section 166.231(4)(a), Florida Statutes, provides:
"The purchase of natural gas, manufactured gas, or fuel oil by a public or private utility, either for resale or for use as fuel in the generation of electricity, or the purchase of fuel oil or kerosene for use as an aircraft engine fuel or propellant or for use in internal combustion engines is exempt from taxation hereunder."
According to your letter, some retail sellers are reading the above exemption as providing that the "purchase of natural gas . . . for use in internal combustion engines is exempt from taxation" under section 166.231, Florida Statutes. You question such a reading of the statute and note that exemptions from taxation are to be strictly construed.[4] It is a general rule of statutory construction that ordinary rules of grammar and punctuation are to be used in determining construction of a statute. The Legislature is presumed to know the meaning of words and rules of grammar and thus the Legislature's intent may be ascertained by giving the generally accepted construction not only to the phraseology of an act but also to the manner in which it is punctuated.[5] Moreover, under the doctrine of last antecedent, relative and qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding and not to be construed as extending to or including others more remote.[6]
In providing for the exemptions from the public service tax, section 166.231(4)(a), Florida Statutes, refers to the purchase of natural gas, manufactured gas, or fuel oil by a public or private utility, either for resale or for use as fuel in the generation of electricity. Separated by an "or,"[7] the statute also refers to the purchase of fuel oil or kerosene for use as an aircraft engine fuel or propellant or for use in internal combustion engines. Consideration of the grammatical construction of the statute leads this office to conclude that the exemption for the purchase of natural gas is qualified by the phrase "by a public or private utility, either for resale or for use as fuel in the generation of electricity" whereas the reference to use in internal combustion engines refers to the sale of fuel oil or kerosene. Such a construction is also consistent with the doctrine of last antecedent discussed above. Under the "doctrine of the last antecedent," providing that relative and qualifying words, phrases, and clauses are to be applied to immediately preceding words and phrases rather than extending to or including others more remote, the placement of the exception for "use in internal combustion engines" suggests that the exception applies to records of "the sale of fuel oil or kerosene" and does not extend to the "purchase of natural gas, manufactured gas, or fuel oil by a public or private utility."
Accordingly, I am of the opinion that section 166.231(4)(a), Florida Statutes, does not provide an exemption from the public service tax imposed by the charter county on the retail sale of bottled natural liquefied petroleum gas used to power forklifts.
Sincerely,
Charlie Crist Attorney General
[1] Section 166.231(1)(a), Fla. Stat.
[2] Id.
[3] See McLeod v. Orange County, 645 So.2d 411 (Fla. 1994) (a reading of Art. VII, s. 9[a] and Art. VIII, s. 1[g], Fla. Const., dictates that charter counties have the authority to levy any tax that a municipality may impose, if it is within the county's taxing jurisdiction, including a public service tax pursuant to s. 166.231, Fla. Stat.); State ex rel. Volusia County v.Dickinson, 269 So.2d 9, 11 (Fla. 1972) (unless precluded by general or special law, a charter county may without more under authority of existing general law impose by ordinance any tax in the area of its tax jurisdiction a municipality may impose).
[4] See Haines v. St. Petersburg Methodist Home, Inc.,173 So.2d 176 (Fla. 2d DCA 1965), cert. denied, 183 So.2d 211 (Fla. 1965); State ex rel. Miller v. Doss, 2 So.2d 303 (Fla. 1941);Department of Revenue v. Bank of America, N.A., 752 So.2d 637
(Fla. 1st DCA 2000), review denied, 776 So.2d 274 (Fla. 2000) (statutes authorizing tax refunds or exemptions must be strictly construed); Consumer Credit Counseling Service of the FloridaGulf Coast, Inc. v. State, Department of Revenue, 742 So.2d 259
(Fla. 2d DCA 1997); State Department of Revenue v. Anderson,403 So.2d 397 (Fla. 1981).
[5] See, e.g., Florida State Racing Commission v. Bourquardez,42 So.2d 87 (Fla. 1949); S.R.G. Corporation v. Department ofRevenue, 365 So.2d 687 (Fla. 1978); State ex rel. Southern RollerDerbies v. Wood, 199 So. 262 (Fla. 1940) (legislative intent determined by language used considered in its ordinary and grammatical sense); Ops. Att'y Gen. Fla. 77-142 (1977) (punctuation is a part of an act and may be considered in act's interpretation but it may not be used to create doubt or to distort or to defeat the intention of the Legislature); and 93-26 (1993) (Legislature is presumed to know meaning of words and the rules of grammar; thus, legislative intent is first to be determined by the language used, considered in its ordinary grammatical sense).
[6] See, e.g., City of St. Petersburg v. Nasworthy,751 So.2d 772 (Fla. 1st DCA 2000) (under doctrine of last antecedent, phrase "not to exceed the maximum weekly benefit under s. 440.12" was intended to refer to the immediately preceding phrase, "the employee's average weekly temporary total disability benefit" and not to more remote phrase "[i]mpairment income benefits"); RichElectronics, Inc. v. Southern Bell Telephone Telegraph Company,523 So.2d 670 (Fla. 3d DCA 1988), appeal after remand,548 So.2d 1153 (Fla. 3d DCA 1989), review denied, 560 So.2d 234 (Fla. 1990) (relative or qualifying phrase is to be construed as referring to its nearest antecedent); Ops. Att'y Gen. Fla. 87-08 (1987) and 85-74 (1985) (under doctrine of last antecedent, relative and qualifying words and phrases are to be applied to the word or phrase immediately preceding).
[7] See generally Op. Att'y Gen. Fla. 00-06 (2000) (use of the term "or" in statute is generally construed to be disjunctive, indicating that alternatives were intended); Sparkman v. McClure,498 So.2d 892 (Fla. 1986); Telophase Society of Florida, Inc. v.State Board of Funeral Directors and Embalmers, 334 So.2d 563
(Fla. 1976).